Robert W. Norman, Jr. (SBN 232470)
Alyssa G. Reyes (SBN 361410)
HOUSER LLP
9970 Research Drive
Irvine, CA 92618
Ph: (949) 679-1111
Fax: (949) 679-1112
bnorman@houser-law.com

Attorneys for Defendants,
Newrez LLC dba Shellpoint Mortgage Servicing and Onslow Bay Financial, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY MINH NGO TRUST, by and through TRUSTEE TUNG-THANH: DOAN,<br><br>       Plaintiff,<br><br>      V.<br><br>NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; ONSLOW BAY FINANCIAL, LLC; and DOES 1-10, INCLUSIVE,<br><br>      Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION BASED ON FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. § 1441 (a), (b), and (c)]**<br><br>[Removal from Superior Court of California, County of Riverside, Case No. CVRI2504352] |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") and Onslow Bay Financial, LLC ("Onslow Bay") (collectively, "Defendants") hereby remove this action from the Superior Court of

California, County of Riverside, to the United States District Court for the Central District of California, as further described below.

# I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.    Borrower Tracey Minh Ngo Trust ("Plaintiff"), by and through Trustee Tung-Thanh: Doan ("Trustee"), filed her original Complaint in the Superior Court of California, County of Riverside, on or about September 2, 2025, entitled *Tracey Minh Ngo Trust v. Newrez LLC dba Shellpoint Mortgage Servicing*, et al., bearing Case No. CVRI2504352 ("State Court Action"). A copy of the Complaint is attached as **Exhibit "1"** ("Complaint").

2.    Defendants have not made a general appearance as to the Complaint and have not waived any jurisdictional issues in the State Court Action.

3.    Defendants will supplement this Removal with remaining pleadings and orders filed in the State Court Action, if any, as soon as they are received.

4.    On September 3, 2025, Defendants were served with a copy of the Complaint in the State Court Action. Therefore, Defendants remove this case within 30 days of receipt, through service or otherwise, of a copy of the Complaint, and within one year of the commencement of the State Court Action. This removal is timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).[1]

5.    This Notice of Removal is brought on behalf of Defendants. To Defendants' knowledge, there are no other named defendants in this action. The "DOE" defendants need not consent to or join in the notice of removal. *See Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980).

6.    No previous request has been made for removal.

---

[1] Plaintiff also has a separate, related case pending in the United States District Court, Central District of California (Eastern Division – Riverside) against the same defendants, and involving the same loan and subject property. This matter is pending before Judge Jesus G. Bernal, case number 5:25-cv-02279-JGB-DTB. Defendants have a motion to strike that matter set for hearing on October 27, 2025.

NOTICE OF REMOVAL

7.     This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1441(b) and 28 U.S.C. § 1441(c). The parties meet the requirements for diversity jurisdiction and federal question jurisdiction. Supplemental jurisdiction exists with respect to other claims not subject to removal pursuant to 28 U.S.C. §§ 1367 and 1441(c).

## II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIMS

8.     This action is removed to the instant Court pursuant to the existence of federal question jurisdiction. 28 U.S.C. § 1441(a). This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff purports to bring claims for violations of the federal Fair Debt Collection Practices Act. *See*, *e.g.,* Complaint, Exhibit E at p. 2 of 6 ("FDCPA Violation Notice & Affidavit") and p. 5 of 6 ("Legal Notice & Demand for Debt Validation"). Plaintiff also alleges violations of federal Copyright Law of the United States. *See*, *e.g.*, Complaint, Exhibit F ("Common Law Copyright Notice").

9.     If a case is properly removed on the basis of a federal question, a district court can "exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)). In this case, supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Plaintiff's federal claims.

///

///

///

III.    **THIS COURT HAS DIVERSITY JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 AND IS BETWEEN CITIZENS OF DIFFERENT STATES**

10.    Removal is further warranted pursuant to the existence of diversity jurisdiction between parties. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.  Diversity jurisdiction exists because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.  Diversity exists between the parties at the time the action was commenced and at the time of this notice of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

    A.    **CITIZENSHIP OF THE PARTIES**

11.    The Complaint states that Plaintiff is the owner of the real property located at 3030 Manchester Circle, Corona, California 92879. *See* p. 2 of 2, ¶ 1. *See Lew v. Moss,* 797 F.2d 747, 749-750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely). Therefore, Plaintiff is a citizen of California for purposes of diversity.

12.    Shellpoint is, and was at the time of the filing of the Complaint, a limited liability company organized under the laws of the State of Delaware. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Shellpoint's sole member is Shellpoint Partners LLC, a Delaware limited liability company ("Shellpoint Partners"). Shellpoint Partners' sole members are NRM Acquisitions LLC and NRM Acquisitions II LLC, which are both Delaware limited liability companies (together, "NRM Acquisitions"). NRM Acquisitions' sole

member is New Residential Mortgage LLC ("New Residential Mortgage"), a Delaware limited liability company. The sole member of New Residential Mortgage is New Residential Investment Corporation, which is a corporation organized under the laws of the State of Delaware and has its principal place of business in New York, New York, so it is a citizen of both Delaware and New York. 28 U.S.C. § 1332(c). Therefore, Shellpoint is a citizen of Delaware and New York for purposes of diversity. 28 U.S.C. § 1332(c)-(d)(10).

13.    Onslow Bay is and was at the time of the filing of the Complaint, a limited liability company organized under the laws of the State of North Carolina.

14.    Because no defendant has the same citizenship as the Plaintiff, complete diversity of citizenship exists.

**B.    AMOUNT IN CONTROVERSY**

15.    $75,000.00 is the threshold amount associated with diversity jurisdiction.  28 U.S.C. § 1332(a).

16.    The amount in controversy is determined from the allegations or prayer for relief. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938). Plaintiff alleges she is entitled to damages, declaratory relief and injunctive relief. In Plaintiff's Copyright Infringement Notice & Affidavit, Plaintiff demands damages in the amount of $500,000 per alleged violation of copyright infringement. *See* Complaint, Exhibit F at p. 3 of 4.

17.    Plaintiff also alleges that the original loan which forms the basis of the lawsuit is being disputed insofar as Plaintiff alleges she never obtained a mortgage loan secured by a deed of trust on the subject property. Complaint at p. 2 of 2, ¶ 2. As Plaintiff seeks relief of the subject property and loan, the amount in controversy may be determined by the value of the object of the litigation, i.e., the loan amount, or the potential lost equity. *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333 (1997); *see also Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004 (N.D.

Cal., 2002); *Munger v. Moore,* 11 Cal.App.3d 1 (1970). Here, the original loan amount was $572,000.00. *See* Complaint, Exhibit H at p. 1 of 6.

18.     The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy may include compensatory damages, punitive damages, and attorneys' fees when authorized by statute. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Critically, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original); *see also Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them"). Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the required minimum amount.

19.     Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

**IV.   VENUE**

18.     Pursuant to 28 U.S.C. § 1441(b), the United States District Court for the Central District of California is the proper venue for removal of the State Court Action because it is the judicial district and division in which State Court Action is pending.

**V.   NOTICE**

19.     Concurrently with the filing of this Notice, Defendants shall provide written notice of removal to all adverse parties, namely Plaintiff, and cause to be filed a copy of this Notice of Removal with the Clerk of the Superior Court of California, for the County of Los Angeles.

## VI.    RESERVATION OF RIGHTS

20.    Defendants reserve the right to supplement this notice when, and if, additional information becomes available. In addition, Defendants reserve all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

21.    Based on the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants pray that the State Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

Dated: October 3, 2025                    **HOUSER LLP**

                                           /s/ *Robert W. Norman, Jr.*
                                           Robert W. Norman, Jr.
                                           Alyssa Reyes
                                           Attorneys for Defendants,
                                           Newrez LLC dba Shellpoint
                                           Mortgage Servicing and Onslow Bay
                                           Financial, LLC

1

## PROOF OF SERVICE

2

3

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

4

5

On October 3, 2025 I served the following document(s) described as follows:

6

**NOTICE OF REMOVAL OF ACTION BASED ON FEDERAL QUESTION JURISDICTION AND DIVERSITY JURSIDICTION**

7

8

On the following interested parties in this action:

9

Tung-Thanh: Doan, Trustee
16422 Rancho Escondido Dr.

10

Riverside, CA 92506
Phone: (714) 887-3068

11

Email: homesweethomes@protonmail.com

12

*In Pro per,*
*Tracey Minh Ngo Trust*

13

14

☒    FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

15

16

17

18

☒    ELECTRONIC MAIL—By transmitting a true and correct copy via court sponsored electronic service or by electronic e-mail under Rule 2.251 of the California Rules of Court to the email addresses listed above. The document(s) was/were served electronically and the transmission was reported as complete and without error consistent with Code of Civil Procedure § 1010.6(a), (4) and (5).

19

20

21

22

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

23

24

Executed on October 3, 2025 at Irvine, California.

25

26

*/s/ Taylor A. Duffin*_____
Taylor A. Duffin

27

28